IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCHOLASTIC INC.,<br>GROLIER INCORPORATED,<br>and SCHOLASTIC AT HOME, INC.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 05-1216-RWR |

## JOINT MEMORANDUM REGARDING ENTRY OF CONSENT DECREE

### Introduction

The United States filed the complaint and lodged a proposed consent decree in this case on June 21, 2005. The complaint alleges that in the marketing of two associated direct-to-home book clubs and solicitation of related special edition books and other merchandise, through direct mail solicitations, outbound telemarketing, and a website, Defendants Scholastic, Inc., Grolier, Inc., and Scholastic at Home, Inc., violated the Federal Trade Commission Act (Act), rules promulgated thereunder, and other statutes enforced by the Federal Trade Commission (FTC).

Prior to filing the complaint, the parties negotiated the terms of a settlement which was approved unanimously by the Commissioners of the FTC and is subject to judicial approval. On the same day the United States filed the complaint, the FTC issued a press release announcing that the parties had agreed to settle the allegations in the complaint. See Attachment A (a copy of the press

release remains on the FTC website at www.ftc.gov/opa/2005/06/Scholastic.htm).[1] In agreeing to the settlement, the Defendants neither admitted nor denied the allegations of the complaint.

On September 28, 2005, the Court ordered that the parties submit, no later than October 7, 2005, a joint memorandum "with citations to authority setting forth the appropriate standards and procedures for determining whether entry of the consent decree is in the public interest, and what if any notice to the public and opportunity to be heard is warranted before the consent decree can be entered." The parties submit this memorandum in accordance with the September 28, 2005, Minute Order.

## Standards Governing Entry of Consent Decree

The Circuit Court's seminal decision regarding entry of a consent decree is <u>Citizens for a Better Environment v. Gorsuch</u>, 718 F.2d 1117 (D.C. Cir. 1983). There the D.C. Circuit stated:

> [T]he long-standing rule is that a district court has power to enter a consent decree without first determining that a statutory violation has occurred. The court's duty when passing upon a settlement agreement is fundamentally different from its duty in trying a case on the merits. As we have previously said, "prior to approving a consent decree a court must satisfy itself of the settlement's 'overall fairness to beneficiaries and consistency with the public interest'."

---

[1] It is standard procedure in cases of this type for the United States or FTC to file the complaint and simultaneously lodge the proposed consent decree. The United States followed that procedure here; however, the PACER ECF entry did not include a reference to the proposed consent decree. Accordingly, on August 3, 2005, the United States filed a Notice of Filing of Signed Consent Decree which advised the Court that the proposed consent decree had been submitted with the complaint. See <u>United States v. Scholastic, Inc., et al.</u>, No. 05 cv 1216-RWR, Docket [# 2].

718 F.2d at 1125-26 (citations and footnote omitted). The D.C. Circuit went on to quote the Seventh Circuit regarding the district court's inquiry in evaluating a consent decree:

> The trial court in approving a settlement need not inquire into the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy, but need only determine that the settlement is fair, adequate, reasonable and appropriate under the particular facts and that there has been valid consent by the concerned parties.

Gorsuch, 718 F.2d at 1126, quoting Metropolitan Housing Development Corp. v. Village of Arlington Heights, 616 F.2d 1006, 1014 (7th Cir. 1980).

Gorsuch went on to observe that it is "precisely the desire to avoid a protracted examination of the parties' legal rights which underlies consent decrees." 718 F.2d at 1126. The court also observed that the parties and the public benefit from voluntary settlement of litigation, so that voluntary settlements are "in high judicial favor." Id., quoting Autera v. Robinson, 419 F.2d 1197, 1199 (D.C. Cir. 1969).

More recently the D.C. Circuit characterized the standard generally applicable to consent decree review as requiring that the decree "fairly and reasonably resolve [] the controversy in a manner consistent with the public interest." Massachusetts v. Microsoft Corp., 373 F.3d 1199, 1206 fn.1 (D.C. Cir. 2004), quoting New York v. Microsoft Corp., 231 F. Supp. 2d 203, 205 (D.D.C. 2002), citing Gorsuch, 718 F.3d at 1126. See also United States v. District of Columbia, 933 F. Supp. 42, 46-47 (D.D.C. 1996) (function of reviewing court is not to substitute its judgment for that of the parties, but to assure itself that terms are fair and adequate and not unlawful, unreasonable, or against public policy).

**The Proposed Consent Decree Should Be Entered**

The consent decree lodged on June 21, 2005, easily meets the Gorsuch test. It provides a reasonable resolution for the violations alleged in the complaint in a fashion typical of government enforcement decrees in general and decrees settling litigation initiated by or for the FTC in particular. It provides for injunctive relief against violations similar to those alleged in the complaint; it provides for a civil penalty of $710,000.00; and it provides standard compliance and monitoring provisions. No persons or entities have suggested that the resolution is not appropriate. The parties have given their valid consent to the decree.

The last page of the proposed consent decree is a statement of the FTC's Reasons for Settlement. That statement declares that the FTC believes that the civil penalty agreed to by the Defendants is appropriate to ensure compliance with applicable laws, and that coupled with the injunction enjoining practices prohibited by those laws as well as certain specified disclosures, the settlement is justified and in the public interest. For these reasons, the FTC Commissioners approved the proposed consent decree.

Unlike Fed. R. Civ. P. 23(e) which requires a hearing prior to adoption of a settlement in a class action case, or those federal laws such as 15 U.S.C. § 16 (which relates to antitrust settlements by the United States),[2] there is no requirement for either public comment or a hearing prior to

---

[2] Even under this statute which enhances the level of judicial inquiry applied to antitrust settlements, "limited review is obviously appropriate for a consent decree . . . before trial . . . because the [district] 'court's authority to review the decree depends entirely on the government's exercising its prosecutorial discretion by bringing a case in the first place.'" Microsoft Corp., 373 F.3d at 1236-37 (citation omitted).

approval of a consent decree in a civil action seeking penalties and injunctive relief under the FTC Act.[3] The FTC has filed three other consumer protection cases filed in this district since 2000 in which it lodged proposed consent decrees.[4] In none of the three did the Court solicit public comment or hold a hearing. Accordingly, the parties believe that in this case there is no need for notice and opportunity for hearing prior to the Court's approval of the proposed consent decree.

## Conclusion

The proposed order satisfies the requirements for entry of a consent decree. There is no need for public notice and opportunity for hearing or comment. The Court should approve and enter the proposed consent decree submitted to the Court on June 21, 2005.

---

[3] FTC Rules only provide for an opportunity for public comment with respect to FTC administrative cease and desist orders. 16 C.F.R. § 2.34.

[4] Federal Trade Commission v. Reverseauction.com No. 00-cv-00032-JHG (D. D.C. 2000); Federal Trade Commission v. Institute for International Licensing No. 03-CV-00021-RMC (D. D.C. 2003); Federal Trade Commission v. Capital City Mortgage Corp., No. 98-CV-237(GK/AK) (D. D.C. 2005).

| | |
|---|---|
| FOR THE DEFENDANTS<br>SCHOLASTIC INC.<br>GROLIER INCORPORATED<br>SCHOLASTIC AT HOME, INC. | FOR THE UNITED STATES OF AMERICA:<br><br>PETER D. KEISLER<br>Assistant Attorney General<br><br>KENNETH L. WAINSTEIN<br>United States Attorney |

*/s/ Robert B Bell*
ROBERT B. BELL
DAVID MEDINE
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M St., NW
Washington, DC 20037
(202) 663-6533

*/s/*
LAURIE J. WEINSTEIN
Assistant United States Attorney
555 4th St., NW
Washington, D.C. 20001
(202) 514-7133

*/s/ Elizabeth Stein*
ELIZABETH STEIN
Attorney
Office of Consumer Litigation
U.S. Department of Justice
1331 Pennsylvania Avenue, NW, Suite 950N
Washington, DC 20004
(202) 307-0486
(202) 514-8742 Facsimile