# Attachment A

# FEDERAL TRADE COMMISSION
## FOR THE CONSUMER

Search:

HOME | CONSUMERS | BUSINESSES | NEWSROOM | FORMAL | ANTITRUST | CONGRESSIONAL | ECONOMIC | I
Privacy Policy | About FTC | Commissioners | File a Complaint | HSR | FOIA | IG Office | En Español

For Release: June 21, 2005

**Related Documents:**

## Children's Book Publisher to Pay $710,000 to Settle Charges it Violated Commission's Negative Option and Telemarketing Sales Rule

*Complaint Alleges Scholastic, Grolier, and Scholastic-at-Home Failed to Adequately Disclose the Terms of Their Direct-to-Home Book Clubs*

United States of Amer
Scholastic Inc., Grolie
Incorporated, and Sch
Home, Inc. Cour (U.S.
Court for the District
Columbia), FTC File N
3147



New York-based Scholastic Inc. (Scholastic) and two of its subsidiaries, Scholastic-at-Home (SAH) and Grolier Incorporated (Grolier), have agreed to settle allegations that they violated laws enforced by the FTC in marketing their negative option book clubs.

The FTC alleged that the companies' ads did not give consumers important information about how the book clubs operated, which consumers needed to know before joining them. Consumers who did not know how the clubs operated complained that the companies sent them books they did not order, and that the companies would not cancel their club memberships. The consent decree the companies signed to settle these allegations requires full disclosure of membership terms, and requires them to pay a $710,000 civil penalty. The complaint and consent decree settling the Commission's charges were filed today in the U.S. District Court for the District of Columbia by the Department of Justice on the FTC's behalf.

"There's a message in this order for any business that runs a negative-option club," said Lydia Parnes, Director of the FTC's Bureau of Consumer Protection. "Your company is responsible for letting potential customers know the rules that come with their membership before they enroll."

Scholastic describes itself as the largest publisher and distributor of children's books in the world. It distributes its books through a variety of channels, including school-based book clubs and fairs, stores, and television networks. With its June 2000 acquisition of Grolier, Scholastic also distributes its books through direct-to-home book clubs. Grolier is a wholly owned subsidiary of Scholastic and is under a 1994 district court FTC order that required Grolier to pay a $200,000 civil penalty and prohibited it and its successors from violating the FTC Act and the Unordered Merchandise Statute. SAH, which bills consumers, collects unpaid balances, and handles consumer questions and complaints, is a wholly owned subsidiary of Grolier. The complaint announced today resolves all the FTC's charges against the defendants, which involved their direct-to-home book clubs.

### The Defendants' Business Practices

The FTC's complaint alleges that the companies' direct mail and telemarketing campaigns offered consumers two related book clubs that operated on different terms that were not fully disclosed.

The first club – which the complaint identifies as the base book club – offered consumers the opportunity to inspect a pair of books and automatically enrolled consumers in the club if they kept the books beyond a set preview period and paid for them. This first club had a minimum purchase obligation of four books, and shipped books automatically to consumers each month.

If consumers made two purchases from the first club, the defendants automatically enrolled them in a second club. This second club – which the complaint identifies as a supplemental plan – had no minimum purchase obligation and did not send books automatically each month. Instead, three or four times each year, it sent consumers a notice telling them that the club would send them books described in the notice unless they wrote "cancel" on the notice and returned it. This notice makes the second club a prenotification negative option plan under the FTC's Prenotification Negative Option Rule.

The defendants' advertising and telemarketing scripts did not adequately distinguish the two book clubs or tell consumers that they were indeed two completely separate clubs. The advertising and scripts did not tell consumers that they would have to reject merchandise offered by the second club by returning a notice, that purchasing a book offered by the second club did not count toward the minimum purchase obligation of the first club, or that cancelling one club did not cancel the other.

**The Commission's Complaint**

The FTC's complaint against Scholastic, Grolier, and SAH contains five counts relating to their marketing and sale of books through direct-to-home negative option clubs.

Count I alleges that the defendants failed to disclose, or to disclose adequately, before consumers were automatically enrolled, the material terms and obligations of the supplemental book club plans, in violation of the FTC Act. Specifically, the complaint charges the defendants with failing to disclose: 1) what consumers had to do to avoid receiving and having to pay for supplemental plan shipments; 2) that buying the supplemental plan shipments did not count toward the minimum required purchases for the base book club; and 3) that cancelling their enrollment in the basic club did not cancel their enrollment in the supplemental plan.

Count II alleges that the defendants shipped unordered merchandise to consumers and sent them communications seeking payment for the merchandise when the defendants had actual knowledge that the FTC had previously determined that such practices are unfair and deceptive under the FTC Act.

Count III alleges that the defendants' shipment of unordered merchandise and sending of communications seeking payment for it also violated the Unordered Merchandise Statute.

Count IV alleges that the defendants failed to disclose clearly and conspicuously all the material terms of the supplemental book plans, as required by the FTC's Prenotification Negative Option Rule.

Count V alleges that the defendants violated the Telemarketing Sales Rule (TSR) by failing to disclose all of the material terms of the supplemental club's negative option features during telemarketing sales calls.

**Terms of the Consent Order**

The consent order settling the Commission's charges enjoins the defendants from making negative option sales pitches without disclosing all material terms and conditions of the offers. It also prohibits them from misrepresenting any material terms or conditions of a negative option feature, and requires them to obtain consumers' consent to participate in any negative option plan after all such terms and conditions have been disclosed. The order further bars the defendants from shipping unordered merchandise or seeking payment for it in violation of the FTC Act and the Unordered Merchandise Statute, and from violating the Prenotification Negative Option Rule and the TSR.

The order also requires the defendants to pay a $710,000 civil penalty for their alleged violations of the Prenotification Negative Option Rule, the TSR, and for engaging in practices relating to unordered merchandise that the FTC has previously determined to be unfair and deceptive.

*The Commission vote to issue the complaint and accept the consent in settlement of the court action was 5-0.* The complaint and consent were filed by the Department of Justice on the Commission's behalf on June 21, 2005, in the U.S. District Court for the District of Columbia.

**NOTE:** The proposed consent order is for settlement purposes only and does not constitute an admission of a law violation. Such orders have the force of law when signed by the judge.

**Copies** of the Commission's complaint and consent agreement are available from the FTC's Web site at http://www.ftc.gov and also from the FTC's Consumer Response Center, Room 130, 600 Pennsylvania Avenue, N.W., Washington, DC 20580. The FTC works for the consumer to prevent fraudulent, deceptive, and unfair business practices in the marketplace and to provide information to

help consumers spot, stop, and avoid them. To file a complaint in English or Spanish (bilingual counselors are available to take complaints), or to get free information on any of 150 consumer topics, call toll-free, 1-877-FTC-HELP (1-877-382-4357), or use the complaint form at http://www.ftc.gov. The FTC enters Internet, telemarketing, identity theft, and other fraud-related complaints into Consumer Sentinel, a secure, online database available to hundreds of civil and criminal law enforcement agencies in the U.S. and abroad.

**MEDIA CONTACT:**

Mitchell J. Katz
*Office of Public Affairs*
202-326-2161

**STAFF CONTACT:**

James Reilly Dolan
*Bureau of Consumer Protection*
202-326-3292

(FTC File No. 032-3147)

(http://www.ftc.gov/opa/2005/06/scholastic.htm)

HOME | CONSUMERS | BUSINESSES | NEWSROOM | FORMAL | ANTITRUST | CONGRESSIONAL | ECONOMIC | [
Privacy Policy | About FTC | Commissioners | File a Complaint | HSR | FOIA | IG Office | En Español